No. 2500.—THOMAS C. HILLS *v.* MRS. S. T. UPTON AND MRS. E. HOUGH.

The authority of an agent to bind his principal by giving a promissory note and of fixing the signature of his principal thereto must be express and special. But in a cause like this, where the agent is authorized to settle a debt, the principal is not bound on the note which the agent gives in settlement of the debt, because the authority of the agent to sign the name of his principal to the note was not expressly given.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Brice & Mitchell,* for plaintiff and appellant. *J. McConnell* and *Buddecke & Upton,* for defendants and appellees.

TALIAFERRO, J.    The plaintiff sues the defendants on a joint promissory note signed by Mrs. Hough, one of the defendants, and by C. E. Whitney, who signed Mrs. Upton's name to it as her agent.

The separate answers of the defendants are general denials.    Mrs. Hough admits she signed the note, but denies that any consideration was ever given or paid for the note by the plaintiff.    The other defendant, Mrs. Upton, specially denies having authorized Whitney to sign the note sued on.    There was judgment in the court *a qua* in favor . of the defendants, rejecting the plaintiff's demand and the plaintiff appeals.    It appears from the evidence that the two defendants are sisters, and own a plantation jointly in the parish of Iberville.    The note was given to one Parker for his services as superintendent and manager of the plantation during the year 1867, and who transferred the note to Hills, the plaintiff.    The plantation, it seems, was leased the next year to Kelly.    At the close of the year 1867, or early in 1868, it became necessary, prior to delivery of the place under the lease, to make settlements with the owner and the laborers for their services during the year 1867.    The settlements were made by Mrs. Hough, who was on the plantation, and by Whitney, the son-in-law of Mrs. Upton, who was residing in New Orleans, but at that time was unable to go up to the place.    Whitney proposed to go and attend to the business of the plantation for her, and he states in his testimony that Mrs. Upton told him to settle the matter as well as he could and get as much time for payments as possible.    It is not shown that Whitney was in any manner authorized to make or sign any obligation to bind her for the payment of money.    There is nothing to show that she ever ratified the act.    An instrument, signed in the same manner that the note is signed, showing the contract with Parker for his services for the year 1867, is in evidence.    It is dated February 11, 1867.    A letter is also in evidence dated fourteenth January, about a month previous, written by Mrs. Upton to Parker, expressing her desire to engage him again as manager for that year (1867), Parker having been on the plantation in the capacity of manager for several years previous.

The note sued upon is for $603, and drawn payable to the order of William R. Parker.    Mrs. Upton says in her own testimony that she

never knew until a short time before the institution of this suit that such a note had been given, and we find nothing to discredit that statement, and the evidence does not satisfy us that she authorized Whitney to sign the note. The agent, if authorized to sign the note in the name of Mrs. Upton, rendered himself bound; but as he is not made a party defendant in this action no judgment can be rendered in this case in its present aspect. We think the case should be remanded for further proceedings. It is therefore ordered that the judgment of the district court be annulled, avoided and reversed. It is further ordered that this case be remanded to the court of the first instance, with leave to the parties to amend their pleadings, to the end that the proper parties may be made, and further to be proceeded with according to law—the defendants and appellees paying costs of the appeal.